The Honorable Tommy G. Roebuck State Representative 626 Caddo Street Arkadelphia, AR 71923
Dear Representative Roebuck:
I am writing in response to your request for my opinion regarding a question I will paraphrase as follows:
 Do the bylaws of the Hot Spring County Solid Waste Authority (the "SWA") or the provisions of Act 611 of 2001 control in determining the requirements to add a member to the SWA Board of Directors?
RESPONSE
In my opinion, the requirements for increasing the size of the SWA board are set forth in A.C.A. § 14-233-108 (Supp. 2001) and in Act 611 of 2001, which is codified at A.C.A. § 14-233-105(g) (Supp. 2001). I believe the SWA bylaws conflict with these statutory requirements in authorizing the governing body of any SWA member unilaterally and without restriction to increase the size of the board by simply appointing a new director in writing. Although it appears that a quorum court can unilaterally appoint an additional board member if requested to do so by an industrial development corporation, legislative clarification on this issue is warranted.
Chapter 233 of title 14 of the Arkansas Code (Repl. 1998 Supp. 2001), the Joint County And Municipal Solid Waste Disposal Act (the "Act"), authorizes the formation by any municipality or county of a sanitation authority. Specifically, A.C.A. § 14-233-105 (Supp. 2001) provides in pertinent part:
 (a) The governing body of each municipality and county desiring to create and become a member of a sanitation authority may, by ordinance, determine that it is in the best interest of the municipality or county in accomplishing the purposes of this chapter to create and become a member of an authority.
(b) The ordinance shall:
 (1) Set forth the names of the municipalities, counties, or both which are proposed to be initial members of the authority;
 (2) Specify the powers to be granted to the authority and any limitations on the exercise of the powers granted including limitations on the authority's area of operations, the use of projects by the authority, and the authority's power to issue bonds;
 (3) Specify the number of directors of the authority and the voting rights of each director;
 (4) Approve an application to be filed with the Secretary of State, setting forth:
(A) The names of all proposed member municipalities;
(B) Copies of all ordinances certified by the respective clerks;
 (C) The powers granted to the authority and any limitations on the exercise of the powers granted;
 (D) The number of directors of the authority and the voting rights of each director;
 (E) The desire that an authority be created as a public body and a body corporate and politic under this chapter;
(F) The name which is proposed for the authority.
 (c)(1) The application shall be signed by the mayor of each municipality and county judge of each county, attested by the respective clerks, and subscribed and sworn to before an officer or officers authorized by the laws of this state to administer and certify oaths.
 (2) The Secretary of State shall examine the application. If he finds that the name proposed for the authority is not identical with that of any other corporation of this state or of any agency or instrumentality of this state, or so nearly similar as to lead to confusion and uncertainty, he shall receive and file it and shall record it in an appropriate book of record in his office.
 (3) When the application has been made, filed, and recorded as provided in this chapter, the authority shall constitute a public body and a body corporate and politic under the name proposed in the application.
 (d) The Secretary of State shall make and issue a certificate of incorporation pursuant to this chapter under the seal of the state and shall record the certificate with the application. The certificate shall set forth the names of the member municipalities and counties.
* * *
 (f)(1) Any application filed with the Secretary of State pursuant to the provisions of this chapter may be amended from time to time with the unanimous consent of the members of the authority evidenced by ordinance of their governing bodies.
 (2) The amendment shall be signed and filed with the Secretary of State in the manner provided in this section, whereupon the Secretary of State shall make and issue an amendment to the certificate of incorporation.
 (g)(1) The county quorum court may appoint one (1) additional director to the authority upon the recommendation of the county industrial development corporation.
(2) That additional director shall be a full voting director.
You have inquired about the interplay between subsection (g) of this statute, which was added by Act 611 of 2001, and the following provisions from Section 5 of the SWA bylaws:
 For the purposes of this Authority the following definitions shall apply:
 a. "Members" means a municipality or county which participates in this Authority, and which has adopted the necessary ordinances and paid the necessary fees.
 b. "Directors" means a person [sic] appointed in writing by the governing body of a member as defined in subsection "a" above.
In addressing this question, I am obliged to consider the application of A.C.A. § 14-233-108 (Supp. 2001), which provides in pertinent part:
 (a) Each sanitation authority shall consist of a board of directors appointed by the governing bodies of the respective municipalities and counties which are members of the authority.
 (b) The number and voting rights of directors shall be determined as set forth in § 14-233-105 and shall not thereafter be changed except by unanimous consent of the municipalities and counties which are members of the authority evidenced by ordinances of their governing bodies. Copies of all such ordinances, certified by the respective clerks of the member municipalities and counties, shall be filed with the Secretary of State.
In connection with your request, you have submitted correspondence, dated July 16, 2001, from an attorney to a member of the Magnet Cove City Board of Directors questioning the effectiveness of the Hot Spring Quorum Court's recent appointment to the SWA Board of Directors of a representative of the Hot Spring County Industrial Development Commission (the "IDC") — an entity I presume was formed pursuant to the County and Regional Industrial Development Corporation Act, A.C.A. § 15-4-1201 etseq. (Repl. 2000). I infer from this correspondence that Magnet Cove is a member of the SWA. Counsel reports that the quorum court purported to make the appointment by motion, not by ordinance, and suggests that this might have offended the procedural requirements set forth at A.C.A. §14-233-108(b). She further opines that this same statute precludes the IDC member from voting on the SWA board until all SWA members approve the appointment by ordinance.
Before addressing the possible application of the SWA bylaws, I feel compelled to consider the relationship between A.C.A. §§ 14-233-105(g) and — 108(b). Considered in its entirety, subsection 105 is frankly confusing. Whereas most of subsection 105 addresses issues that relate to the initial formation of a sanitation authority, the recently added reference in subsection (g) to an "additional director" suggests an increase in the size of the board at some point following its initial creation. Thus read, the statute would appear to conflict with A.C.A. §14-233-108(b), which directs that the number of directors can be changed following a sanitary authority's creation only by the unanimous consent of the authority's members. The reference in A.C.A. § 14-233-105(g) to "[t]he county quorum court" is further confusing in that it fails to account for the fact that subsection (a) authorizes not only a quorum court but also the governing body of a municipality to create a sanitation authority. It is unclear to me why the legislature would grant a county but not a city governing body the power unilaterally to increase the board's membership, assuming the statute indeed has this effect.
If at all possible, I am obliged to reconcile these apparent tensions. As the court noted in Southwestern Bell Telephone Co. v. Arkansas PublicService Commission, 69 Ark. App. 323, 333, 13 S.W.3d 197 (2000):
 In determining the intent of the legislature, this court must look at the whole act and, as far as practicable, give effect to every part, reconciling provisions to make them consistent, harmonious, and sensible. Brandon v. Arkansas Pub. Serv. Comm'n, 67 Ark. App. 140, 992 S.W.2d 834 (1999). This court not only looks at the language of the statute but also its subject matter, the object to be accomplished by the statute, the purpose to be served, and other appropriate matters. Id.
In considering the scope of A.C.A. § 14-233-105(g), I am struck by the fact that subsection (f) of that statute, which authorizes periodic amendments of an application creating a sanitation authority, requires that any amendment be with the unanimous consent of the members. Significantly, subsection (b)(3) of the statute dictates that the application set forth the number of directors of the authority — a requirement that suggests that an amendment is mandatory whenever an authority changes the number of its directors. This conclusion in turn suggests that any decision to change the number of directors must likewise be by unanimous consent, since it would be impossible to obtain unanimous consent to the amendment if any member were disinclined to consent to changing the number of directors. Implicit, then, in A.C.A. §14-233-105, as amended in 2001, appears to be precisely the unanimous-consent requirement set forth at A.C.A. § 14-233-108(b).
In my opinion, the above described unanimous-consent requirement is too clearly expressed in the Act to allow of meaningful attack. Significantly, it remains in the Act notwithstanding the fact that the legislature had the opportunity to remove it when it amended A.C.A. §14-233-105 in 2001. However, the question remains whether the legislature, while continuing to subscribe to the unanimous-consent requirement as a general rule, may have intended Act 611 to carve out a narrow exception, whereby a quorum court might unilaterally appoint an additional director whenever an industrial development corporation so requests. In my opinion, this reading of the Act draws support from its emergency clause, which provides in pertinent part:
 It is found and determined by the General Assembly that county industrial development corporations should recommend an additional director of joint solid waste disposal authorities in order to give the authorities greater awareness of the impact solid waste issues have upon economic development of the area; that this act so provides; and that until this act becomes effective the flexibility and effectiveness of the authorities will be hampered.
This language strongly suggests an intention to empower a county member of even an existing sanitation authority to appoint an additional member to address the circumstances giving rise to the recited emergency. It totally fails to address, however, whether more than one quorum court can appoint an additional director if a sanitation authority comprises more than one county.
In my opinion, then, the Hot Spring County Quorum Court, upon request of the IDC, may well have been authorized to appoint an additional voting member to the SWA board. However, insofar as the addition of a member to the board constituted an amendment to the ordinance required under A.C.A. § 14-233-105 to initially establish the SWA, which under the statute necessarily specified the then number of board members, the amendment increasing the number of board members could only by made by ordinance. See A.C.A. §§ 14-14-904(l) ("Ordinances may be amended and repealed only by ordinances."); 14-233-105(f)(1) (providing that an amendment to the application filed with the Secretary of State detailing, inter alia, the size of the board must be evidenced by ordinance).[1] Having tentatively ventured these conclusions, I must add that I consider it highly confusing that A.C.A. § 14-233-105(g) makes no reference to the unanimous-consent requirement that apparently applies in other contexts. Legislative clarification on this point appears warranted, as it does on the questions of whether more than one member county upon the request of an industrial development corporation may by ordinance increase the board membership and whether the members must unanimously ratify this increase in the course of amending the application filed with the Secretary of State.
Finally, I believe Section 5(b) of the SWA bylaws is inconsistent with statutory law in purporting to authorize any member's governing body to appoint an SWA director under any circumstances and simply by issuing a "writing." As noted in the previous paragraph, any increase in the number of directors can only be effected by ordinance. Moreover, as discussed above, it appears an individual member can effect such an increase only when requested to do so by a county industrial development corporation.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Although subsection (f)(1) further recites a requirement that all member entities enact such an ordinance, I believe the enactment of subsection (g) effectively dispensed with the unanimous approval requirement under the conditions here at issue. See discussion supra.